IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMBER H., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-115-JTA |
| | ) (WO) |
| LEE DUDEK, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Amber H. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI"). The Court construes Plaintiff's memorandum in support of her Complaint (Doc. No. 14) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 22). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 20, 21.)

---

[1] Lee Dudek became the Acting Commissioner of Social Security on February 19, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After careful scrutiny of the record and the motions submitted by the parties, the Court finds Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.   PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult[3] female with a high school education and no past relevant work. (R. 39, 249.)[4] She alleged a disability onset date of October 31, 2021. (R. 27, 248.) Plaintiff alleged disability due to bipolar disorder, manic depression, and severe anxiety. (R. 148, 248.)

On February 7, 2022, Plaintiff protectively filed a Title XVI (42 U.S.C. §§ 1381, *et seq*.) application for SSI. (R. 27, 145). The application was denied initially and on reconsideration. (R. 140–153, 158–162.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits in a decision dated November 7, 2023. (R. 27–41.) The Appeals Council denied review. (R. 1–4.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] reviews[s] the ALJ's decision as the Commissioner's final decision.").

---

[3] Plaintiff was 35 years old on the date the application was filed. (R. 39.)

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 9.)

On November 29, 2023, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 14, 22.) This matter is ripe for review.

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for SSI must prove that she is disabled. *See* 20 C.F.R. § 416.912(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.920(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.920(a). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b). Second, the ALJ must determine whether the claimant

has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. (*Id.*) Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.909(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 416.920(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(f). If the ALJ finds the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(e).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(g), 416.960(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.

5

1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

### IV.     ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 29.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: obesity, generalized anxiety disorder, and major depressive disorder. (*Id*.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 31.)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform less than the full range of medium work, with the following limitations:

> [Plaintiff] can perform frequent postural movements. **She can understand, remember and apply simple instructions**; and make simple work-related decisions. She can tolerate occasional interaction with coworkers and supervisors, but cannot work with the public in a customer service capacity nor could [she] work in an environment where the public is allowed to frequent. More specifically [she] also could not work in an institutional environment such as a jail or detention center. [Plaintiff] could tolerate occasional workplace changes that are gradually introduced.

(R. 33–34 (emphasis added).) In determining the RFC, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (R. 35.)

Though Plaintiff has no past relevant work, the ALJ determined there are a significant number of jobs in the national economy Plaintiff can perform. (R. 39.) During the hearing, the ALJ posed a hypothetical to a VE that included Plaintiff's RFC. (R. 58–59.) Based on the VE's testimony, the ALJ determined Plaintiff could perform the requirements of three representative occupations including kitchen helper, floor waxer, and meat clerk. (R. 40.)

The ALJ further concluded Plaintiff had not been under a disability from February 7, 2022, to November 7, 2023, the date of the ALJ decision. (R. 41.) The ALJ found that based on the application for SSI, Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. (*Id*.)

## V.    DISCUSSION

Plaintiff presents one argument in this appeal. (Doc. No. 14 at 2.) Plaintiff argues the ALJ formed a legally insufficient RFC because she failed to include two outcome-determinative limitations in the RFC. (*Id*.) First, Plaintiff argues the ALJ failed to include a limitation to short, simple instructions. (*Id*. at 7.) Second, Plaintiff argues the ALJ failed to include the inability to do simple arithmetic. (*Id*. at 13.) Because the RFC does not contain these two limitations, Plaintiff avers the RFC is not based on substantial evidence. (*Id*. at 1.)

The Commissioner responds substantial evidence supports the ALJ's decision. (Doc. No. 22 at 3.) The Commissioner argues the ALJ adequately explained why she did not include the limitation to short, simple instructions in Plaintiff's RFC. (Doc. No. 22 at 5.) The Commissioner avers the ALJ did not need to include a limitation about an inability to do simple arithmetic because the evidence shows Plaintiff could perform simple arithmetic. (*Id*. at 6.)

The RFC assesses the claimant's remaining ability to do work despite her impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).[5] When an ALJ finds medical opinions generally persuasive, the ALJ must "explain and address any conflicts between the RFC and medical opinions." *Weidlich v. Comm'r of Soc. Sec.*, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). Without a clear explanation for the conflict, substantial evidence cannot support the ALJ's decision and thus constitutes reversible error. *Id*. (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

---

[5] Although the ALJ does not need to discuss every piece of evidence, she must consider the claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1211; *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

**A. Limitation to Simple Instructions**

The ALJ found Plaintiff has the RFC to understand, remember, and apply simple instructions. (R. 33–34.) Plaintiff avers the ALJ erred by omitting "short" from the RFC because two medical opinions the ALJ found persuasive included a limitation to short instructions. (Doc. No. 14 at 7.) While a small difference, the addition of "short" to the RFC would limit Plaintiff to jobs with a General Education Development ("GED") reasoning level of one. *See Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708 (11th Cir. 2020) (holding that an RFC limitation to short, simple instructions conflicts with jobs that have a GED reasoning level of two); *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) (holding that an RFC limitation to simple instructions does not conflict with jobs that have a GED reasoning level of two). Here, two of the three representative occupations identified by the ALJ have a GED reasoning level of two, and the third, floor waxer, has a GED reasoning level of one. *Compare* U.S. Dept. of Labor, Dictionary of Occupational Titles ("DOT"), §§ 318.687-010, 222.684-010 ("kitchen helper" and "meat clerk" with GED reasoning level of two), *with* DOT, § 381.687-034 ("floor waxer" with GED reasoning level of one).

Plaintiff cites two State Agency opinions to support her argument. (Doc. No. 14 at 5.) The first is an opinion from the initial determination written by Dr. Jeannie Nunez, which found Plaintiff's RFC should include a limitation to short, simple instructions. (R. 97.) The second is an opinion from Dr. Jennifer Meyer which found Plaintiff has a moderate limitation in her ability to understand and remember detailed instructions, but found Plaintiff can recall simple work procedures and instructions. (R. 105.) This opinion is from

9

the reconsideration level. (R. 100.) It does not contain a limitation to short, simple instructions, as Plaintiff contends.

It is unclear from the ALJ's decision which conclusions she considered persuasive from each State Agency opinion. The ALJ begins by stating she finds the "conclusions of the State Agency psychologists at the reconsideration level [Dr. Meyer] to be more persuasive than at the initial level [Dr. Nunez] based on the totality of the medical evidence and testimony." (R. 38.) The Commissioner avers this statement adequately explains why the ALJ did not include the limitation to short instructions in the RFC. (Doc. No. 22 at 5.) However, it is unclear from the ALJ's analysis whether she finds Dr. Nunez's limitation to short, simple instructions persuasive. In her RFC analysis, the ALJ, with no explanation or citation to Dr. Nunez's opinion, notes "[plaintiff] is able to carry out short and simple instructions." (R. 38.) There is no indication whether this is the ALJ's conclusion or the conclusion of Dr. Nunez. (*Id.*) If it is the psychologist's conclusion and not her own, the ALJ does not indicate whether she finds it persuasive. The ALJ concludes Plaintiff is "restricted to slightly more limitations than determined at the reconsideration level, but not as significant as at the initial level." (*Id.*) Notably, the ALJ does not specify which limitations are not as significant at the initial level.

The ALJ may have intentionally omitted "short" from the RFC. Yet, the ALJ did not provide a clear explanation why she crafted an RFC which conflicts with a medical opinion she found partially persuasive, and the Court is prevented from guessing about the ALJ's reasoning. *See Weidlich*, 2023 WL 8015753, at *2 ("the absence of a clear explanation violates SSR 96-8p and constitutes reversible error"); *Hester v. Kijakazi*, 2023 WL

10

9231653, at *3–4 (M.D. Ala. Dec. 4, 2023) (stating when the ALJ's decision lacks explanation, the court is prohibited from guessing at his reasoning); *Gentle v. Kijakazi*, 2023 WL 6379602, at *14 (N.D. Al. Sept. 30, 2023) ("[A] reviewing court is not permitted to guess why an ALJ found that a consultative opinion was not supported by the evidence."). Because the ALJ failed to adequately explain and address the conflict between the RFC and a medical opinion she found partially persuasive, the ALJ's RFC determination is not supported by substantial evidence. *See Weidlich*, 2023 WL 8015753, at *2; *Long v. O'Malley*, 2024 WL 1144961, at *4 (S.D. Ga. Feb. 21, 2024) (reversing and remanding when the ALJ failed to explain his reasoning for omitting limitations found in a persuasive medical opinion); *Hester*, 2023 WL 9231653, at *3–4 (reversing and remanding when the ALJ crafted an RFC that conflicted with a medical opinion deemed persuasive).

  Although the ALJ's lack of explanation for omitting "short" from the RFC is error, it did not affect the ALJ's ultimate decision, and thus is harmless. *See Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) ("A harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for dismissal.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."). Limiting the RFC to short, simple instructions would not affect the ALJ's ultimate decision that there are a significant number of jobs in the national economy Plaintiff can perform. (R. 39.) The Eleventh Circuit has held as few

11

as 80,000 jobs nationally constituted a sufficient number of jobs. *See Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987). Here, the ALJ concluded Plaintiff could perform the representative occupation of floor waxer, which corresponds with a GED reasoning level of one and has 118,000 jobs available in the national economy. (R. 40.) Even without the two occupations with a GED reasoning level of two, the number of remaining jobs cited by the ALJ is well over 80,000.[6]

Plaintiff implausibly relies on the Eleventh Circuit's decision in *Viverette* to argue the harmless error doctrine should not apply. (Doc. No. 14 at 11.) In *Viverette*, the Eleventh Circuit reversed and remanded the case because of an apparent conflict between the RFC given to the VE and the GED reasoning level for two of the three occupations identified by the VE. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1317, 1319 (11th Cir. 2021). The Eleventh Circuit determined the ALJ's failure to address the conflict was not harmless, in part, because the ALJ did not make any findings about how many jobs were available in

---

[6] Notably, the "Eleventh Circuit has 'never held that a minimum numerical count of jobs must be identified in order to constitute work that exists in significant numbers under the statute and regulations.'" *B.S. v. Comm'r of Soc. Sec.*, 2021 WL 1598210, at *3 (M.D. Ga. Apr. 23, 2021) (quoting *Atha v. Comm'r of Soc. Sec.*, 616 F. App'x 931, 934 (11th Cir. 2015) (internal quotation marks omitted)) (finding 23,800 jobs in national economy constituted a "significant number"); *see Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1010 (11th Cir. 2020) (noting the Eleventh Circuit has held that 78,000 jobs and other jobs with similar numbers amounted to "substantial evidence to support the ALJ's finding on step five"); *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) ("The ALJ, relying on the VE's testimony, determines whether a specific number of jobs constitutes a significant number.... We have upheld an ALJ's finding that 174 small appliance repairman positions in the area in which the claimant resided, 1,600 general appliance repair jobs in Georgia, and 80,000 jobs nationwide established the existence of work in significant numbers."). The Court here is not finding that 80,000 jobs is the threshold; it is merely using that number as an example and finding that the number of jobs identified by the VE in this case is sufficient to constitute a significant number.

the national economy for each occupation. *Id*. at 1318. Further, the VE cited potentially overinflated job numbers that correlated to SOC codes, not DOT codes. *Id*. at 1319.

Here, there was no apparent conflict between the RFC given to the VE and the GED reasoning level of the jobs identified by the VE. The ALJ gave the VE a hypothetical that included a limitation to simple instructions. (R. 58.) The Eleventh Circuit has held there is no apparent conflict between a limitation to simple instructions and a GED reasoning level of two. *Buckwalter*, 5 F.4th at 1323. Although the ALJ erroneously crafted the RFC, there was no apparent conflict between the RFC given to the VE and the VE's testimony. Further, unlike in *Viverette*, the ALJ made findings about how many jobs are available in the national economy for each representative occupation. (R. 40.) Additionally, the VE did not provide potentially overinflated job numbers, as the VE did in *Viverette*. Here, the VE testified the job numbers were DOT-specific. (R. 60–61.) Thus, *Viverette* is distinguishable.

Although the ALJ's unclear explanation for omitting "short" from the RFC is an error, it does not alter the ALJ's ultimate conclusion that Plaintiff can perform a significant number of jobs in the national economy. Thus, the ALJ's RFC determination is harmless error which does not warrant reversal.

**B. Ability to Perform Simple Arithmetic**

Plaintiff argues the ALJ erred when she failed to include Plaintiff's inability to perform simple arithmetic in the RFC. (Doc. No. 14 at 13.) Plaintiff avers this omission contradicts Nurse Practitioner ("NP") Shaneika Shelton's disability evaluation, which is one of the medical opinions the ALJ found persuasive. (*Id*.) Plaintiff maintains NP Shelton's opinion shows Plaintiff could not perform GED math level one. (*Id*.) The

Commissioner responds NP Shelton's opinion shows Plaintiff has the ability to perform GED math level one, which is also supported by the record. (Doc. No. 22 at 5–6.)

Here, NP Shelton's opinion and GED math level one are not clearly in conflict. The DOT defines GED math level one as the ability to: "[a]dd and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, [and] 5. Perform the four basic arithmetic operations with coins as part of a dollar." *DOT*, App'x C – Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016). NP Shelton opined Plaintiff was unable to perform "serial 7 subtractions from 100" and "serial 4 additions from 1." (R. 483.) However, NP Shelton also found Plaintiff correctly "calculated [two] out of three single-digit multiplication problems and [two] out of two simple word problems." (*Id.*) Finally, NP Shelton concluded Plaintiff would not require assistance handling any awarded funds. (*Id.*) Although Plaintiff struggled with serial addition and subtraction, she was able to complete more complex multiplication and word problems. Thus, NP Shelton's opinion does not clearly conflict with the requirements of GED math level one.[7] Furthermore, while the record shows Plaintiff was in special education math classes and has a relatively low IQ, the record also indicates Plaintiff is capable of paying bills, counting change, handling a savings account, and using a checkbook. (R. 103, 280.)

---

[7] Plaintiff cites persuasive, out-of-circuit opinions to support her position that a failure to complete serial subtractions and additions conflicts with GED math level one. (*See* Doc. No. 14 at 14.) Still, none of these opinions discuss the practical effects of such a holding. All occupations identified in the DOT have GED math levels of at least one. *Mount v. Berryhill*, 2019 WL 13488442, at *10 (S.D. Fla. June 21, 2019); *see generally DOT,* 1991 WL 645958 (Jan. 1, 2016). Thus, Plaintiff would be unable to perform *any* job identified within the DOT if the Court found she could not perform GED math level one. Here, NP Shelton's opinion and the record do not indicate Plaintiff's math skills are so deficient as to render her incapable of performing any job in the DOT.

Because NP Shelton's opinion indicates Plaintiff can perform GED math level one, there is no conflict between the RFC and NP Shelton's opinion. Thus, reversal and remand are not warranted.

## VI.    CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 14) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 22) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 11th day of March, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE